1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                      FOR THE EASTERN DISTRICT OF CALIFORNIA

8    BRENT R. LETT,

9                   Plaintiff,

10         vs.                                  No. 2:12-cv-2265 MCE GGH PS

11   CALIFORNIA DEPARTMENT OF
     REHABILITATION, et al.,
12              Defendants.                     ORDER

13   _____/

14         Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma

15   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

16   302(21), pursuant to 28 U.S.C. § 636(b)(1).

17         Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

18   § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

19         The determination that plaintiff may proceed in forma pauperis does not complete

20   the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case

21   at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

22   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

23   an immune defendant.

24         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

26   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

                                           1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4  Cir. 1989); Franklin, 745 F.2d at 1227.

5        A complaint must contain more than a "formulaic recitation of the elements of a

6  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

7  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

8  "The pleading must contain something more...than...a statement of facts that merely creates a

9  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

10  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

11  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

12  v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

13  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

14  the court to draw the reasonable inference that the defendant is liable for the misconduct

15  alleged."  Id.

16        Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

17  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

18  Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se

19  plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before

20  dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

21        Plaintiff names the California Department of Rehabilitation and three individuals

22  in regard to a decision issued by its Appeals Board.  Although the decision was apparently issued

23  in plaintiff's favor, plaintiff claims defendants violated his constitutional rights as well as state

24  law.  He alleges: "[a]lthough the Department of Rehabilitation Appeals rendered a decision in my

25  favor, the inclusive time from the time I was denied services until the present, has contributed to

26  \\\\\

2

1   my physical and mental condition becoming worse..." Plaintiff seeks damages for personal

2   injuries as a result.

3          The court is unable to determine a jurisdictional basis for this action. A federal

4   court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the

5   Constitution and by Congress. See Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377, 114

6   S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United

7   States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from

8   time to time ordain and establish." Congress therefore confers jurisdiction upon federal district

9   courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-

10  99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time

11  by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93

12  F.3d 593, 594-95 (9th Cir. 1996).

13         The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal

14  question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject

15  matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J.

16  Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible

17  assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v.

18  Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as

19  to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v.

20  Lavine, 415 U.S. 528, 587-38, 94 S. Ct. 1372, 1379-80 (1974).

21         The asserted basis for jurisdiction is the United States Constitution, "civil law,"

22  the Americans with Disabilities Act, and certain provisions of the California Code of

23  Regulations. (Compl. at 1.) Simple reference to federal law does not create subject-matter

24  jurisdiction. Avitts v. Amoco Prod. Co., 53 F.3d 690, 694 (5th Cir.1995). Subject-matter

25  jurisdiction is created only by pleading a cause of action within the court's original jurisdiction.

26  Id. Plaintiff appears to be upset because the administrative appeals process took a long time and

3

allegedly caused a deterioration in his physical health.  The fact that the process may have been slow does not necessarily cause it to be qualified as a constitutional violation.  It is plaintiff's obligation to state the basis of the court's jurisdiction in the complaint, and plaintiff has not done so.

Furthermore, the aforementioned allegations do not link each specific defendant to a specific violation.  On amendment, plaintiff must specify what each defendant allegedly did to violate his federal rights.  Plaintiff has also failed to state a claim for relief as required by Rule 8.

If plaintiff chooses to amend the complaint to state a federal claim, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, it appears from the general allegations that the California Department of Rehabilitation cannot be sued for damages in federal court because of Eleventh Amendment immunity.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended

complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

2.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: November 20, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Lett2265.amd.wpd